UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ALLEN OTT,

    Plaintiff,

v.                              Case No.:  2:21-cv-53-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# ORDER[1]

Michael Allen Ott sues under 42 U.S.C. §§ 405(g) and 1383(c)(3)[2] to review the Commissioner of Social Security's decision denying his applications for disability insurance benefits and supplemental security income. (Doc. 1.) For the reasons below, the Commissioner's decision is affirmed.

## I. Background

Ott filed for disability benefits claiming that, as of 2014, he could not work because of anxiety, panic attacks, depression, high blood pressure, and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

forgetfulness. (Doc. 28 at 1-2.) After his application was denied, Ott sought review by an administrative law judge. (*See* Doc. 28 at 1-2.)[3]

Following a hearing, the ALJ agreed that Ott was not entitled to benefits. (Tr. 393-94.) To make this determination, the ALJ used the multi-step evaluation process established by the Commissioner. *See* 20 C.F.R. § 404.1520(a). He found that, although two of Ott's impairments (anxiety and depression) qualified as severe, these impairments did not "meet or equal" the severity of an impairment listed in the regulations. (Tr. 391.) The ALJ also found that Ott had "the residual functional capacity to perform a full range of work" with only a few restrictions to account for his impairments. (*Id.* at 399.) And finally, "there are jobs that exist in significant numbers in the national economy" that Ott could perform. (*Id.*)

This appeal concerns the ALJ's assessment of Dr. Ronny Valenzuela, a psychiatrist Ott started seeing in 2016. Dr. Valenzuela reported that Ott had extreme limitations in the ability to understand, remember, or apply information. (Tr. 375) He had also marked limitations in the ability to remember locations and work-like procedures; understand and remember short and simple instructions; understand and remember detailed instructions; carry out short and simple instructions; ask simple questions or

---

[3] Ott filed two applications for disability benefits—the first in 2016, and the second in 2018. (Doc. 28 at 1-2.) Both claims overlap, and thus they were consolidated and disposed of together. (Tr. 388.) The parties do not differentiate between the 2016 and 2018 applications. They also agree that the laws and regulations from 2016 (when Ott first applied for benefits) controls. (*See* Doc. 28 at 13.) The Court will follow suit.

request assistance; and maintain socially appropriate behavior and adhere to the basic standards of neatness and cleanliness. (*Id.* at 375-77.) Also of note, according to Dr. Valenzuela, Ott would likely deteriorate if placed under stress and could not set realistic goals or make plans independently of others. (*Id.* at 376-77.)

In deciding Ott's residual functioning capacity, the ALJ did not give Dr. Valenzuela's opinions deference. In fact, he rejected them. (Tr. 397.) The ALJ explained that Dr. Valenzuela's assessment of Ott's mental condition was "not supported by or consistent with the medical evidence of record[,] including the doctor's own treating notes." (*Id.*) Among other inconsistencies, the ALJ observed that Ott's "mental status exams . . . noted intact, immediate short-term and long-term memory"; no memory problems were reported in the treatment notes; and exams noted good attention and concentration. (*Id.*) The ALJ also observed that Ott often presented to Valenzuela "as pleasant, calm and cooperative and having clear and coherent speech." (*Id.*) Thus, while recognizing that Dr. Valenzuela was a treating physician, the ALJ declined to credit his opinions "because there is a conflict[ing] record." (*Id.*)

The Appeals Council denied Ott's request for further review. The ALJ's opinion thus became the final agency decision. *See Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). This appeal timely followed.

## II. Standard of Review

A court's review of a decision by the Commissioner is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)); *Wilson v. Barnhart,* 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). The "threshold for such evidentiary sufficiency is not high." *Id.*

If substantial evidence supports an ALJ's decision, a court must affirm, even if other evidence preponderates against the factual findings. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004). The court may not decide facts anew, re-weigh evidence, make credibility determinations, or substitute its judgment for the Commissioner's. *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005).

## III. Analysis

As mentioned, this appeal concerns the treating physician rule. When Ott applied for benefits, administrative law judges were instructed to defer to a claimant's treating physician "unless there was good cause not to." *Harner v. Soc. Sec. Admin., Comm'r,* 38 F.4th 892, 896 (11th Cir. 2022); *see also Choquette v. Comm'r of Soc. Sec.,* 695 F. Supp. 2d 1311, 1329–30 (M.D. Fla. 2010) ("Absent good cause, the opinions of treating physicians must be

4

accorded substantial or considerable weight."). Courts have found good cause to reject a treating physician's opinion when: (1) it is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with her own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

Ott argues the ALJ "failed to weigh the opinions of Dr. Valenzuela in accordance with the [above] legal standards." (Doc. 28.) And this was harmful because "Dr. Valenzuela's opinions support marked and extreme limitations in all four areas of mental functioning." (*Id.* at 19.) Put simply, had the ALJ not rejected Dr. Valenzuela's diagnosis, the evidence would have supported (if not required) a disability finding. (*Id.*)

While a different factfinder may well have credited Dr. Valenzuela's opinions, that is not the test. The dispositive question here is whether there is "such relevant evidence as a reasonable mind might accept as adequate" to support the ALJ's conclusion. *Biestek*, 139 S. Ct. at 1154. "The substantial evidence threshold is not high and defers to the presiding ALJ, who heard testimony and reviewed the medical evidence." *Rodriguez v. Berryhill*, 836 F. App'x 797, 803 (11th Cir. 2020). Given this low bar, the Court must affirm.

This is not a case, as Ott claims, where the ALJ rejected Dr. Valenzuela's opinions based on subjective evidence that does not create a genuine inconsistency. (Doc. 128 at 16 (citing *Mayfield v. Comm'r, Soc. Sec. Admin.*, No. 7:20-CV-01040-ACA, 2021 WL 5300925, at *6 (N.D. Ala. Nov. 15, 2021)).) The

5

ALJ instead grounded his decision in contradictory clinical evidence, which is enough. For instance, Ott's mental exams were generally within normal limits, and he reported (many times) that his symptoms were controlled with medication. (*See* Tr. 356-59, 369-71, 758-61.) Dr. Valenzuela also recorded that Ott had good insight and judgment, his thought process was logical and coherent, and immediate memory, short-term memory and long-term memory were intact. (*Id.* at 759.) As the ALJ correctly observed, these results undermine Dr. Valenzuela's ultimate opinion that Ott suffered such "marked and extreme" mental limitations that he could not function in a work environment. *See Edwards v. Sullivan,* 937 F.2d 580, 583-84 (11th Cir. 1991) (finding good cause to reject treating physician's opinion where it was contradicted by other notations in the record); *Crawford v. Comm'r Of Soc. Sec.,* 363 F.3d 1155, 1159 (11th Cir. 2004) (finding ALJ properly discounted treating physician's disability opinion based on the claimant's statements of improvement)

That is not all. The ALJ also relied on inconsistencies between Dr. Valenzuela's opinions and the examination findings from other providers. For example, Dr. Babiak Taras recorded that Ott had a euthymic mood, normal affect, normal appearance, and thought content with no impairment. (*See* Tr. 793-96.) And perhaps most illustrative, Ott denied "having barriers that may affect ability to learn." (*Id.* at 793.) When confronted with conflicting medical evidence from treating physicians, as here, an ALJ does not err by choosing

6

one side over the other. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005).

While the evidence above may not be enough for Ott, it is sufficient that a reasonable mind *might* agree with the ALJ's decision. And as noted, that is all the law requires. *See Wright*, 153 at 683; *see also D 'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) ("Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error.").

Finding no error with the ALJ's treatment of Dr. Valenzuela, which is the only argument on appeal, the Commissioner's decision must be **AFFIRMED**. The Court thus directs the Clerk to enter judgment for the Commissioner and against Michael Allen Ott and close the file.

**DONE AND ORDERED** in Fort Myers, Florida this August 22, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record